

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner ~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 6-1-12

DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN - 1 2012

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY GIOVANNI ADAMS,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>K. ALLISON, Warden,<br><br>　　　　Respondent. | Case No. EDCV 11-0748-AG (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE AND DENYING PETITIONER'S MOTION TO STAY ALL PROCEEDINGS |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed de novo the Petition, records on file, and Report and Recommendation of the U.S. Magistrate Judge. On January 30, 2012, Petitioner filed Objections to the Report and Recommendation and a separate Motion to Stay All Proceedings Pending Completion of State Habeas Corpus. Both documents are predicated on the same argument: that Petitioner is "actually innocent" of the kidnapping-for-robbery charge given that the prosecutor impermissibly amended the information to add it without presenting it during the preliminary hearing. Petitioner has, he says, filed a habeas petition in state superior court to exhaust that claim.

　　　On February 14, 2012, the assigned Magistrate Judge ordered Respondent to file opposition, if any, to Petitioner's stay

motion. Respondent filed his Opposition on February 24, 2012. Although the Magistrate Judge twice gave Petitioner the opportunity to file a response to Respondent's Opposition, he did not.

Petitioner is not entitled to a stay because his new claims are time barred and therefore cannot be amended into the Petition now before the Court even were they exhausted. See King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009) ("A petitioner . . . will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely."). All the claims Petitioner seeks to raise are premised on events that happened during the pendency of the underlying criminal case and of which Petitioner should have been aware while his trial was underway. Accordingly, he is not eligible for a later trigger date of the one-year statute of limitations under 28 U.S.C. § 2244(d)(1)(D), or subsections (B) or (C), for that matter. Petitioner's convictions became final on September 9, 2010, 90 days after the state supreme court denied his Petition for Review, and thus the one-year period began to run the next day. See Patterson v. Stewart, 251 F.3d 1243, 1246-47 (9th Cir. 2001). So, he had until early September 2011 to file any federal claims. He did not file his stay motion until almost four months later. Absent some kind of tolling, Petitioner's new claims come too late.

Petitioner is not entitled to statutory tolling because he constructively filed his state habeas petition raising the new claims on January 26, 2012, after the federal limitation period had already run. See Ferguson v. Palmateer, 321 F.3d 820, 823

2

```
 1  (9th Cir. 2003).  And he is not entitled to equitable tolling
 2  just because he is not knowledgeable about the law and only
 3  recently obtained legal assistance, from another prisoner.  Those
 4  assertions, even if true, cannot toll the one-year period.  See
 5  Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).  Nor can
 6  he claim equitable tolling because his trial and appellate
 7  counsel were ineffective for failing to raise his new claims,
 8  because he could have raised them himself in a more timely state
 9  habeas petition.  See Hernandez v. Sullivan, 397 F. Supp. 2d
10  1205, 1207 (C.D. Cal. 2005).
11       For all these reasons, the Court accepts the findings and
12  recommendations of the Magistrate Judge and denies Petitioner's
13  stay motion.
14       IT THEREFORE IS ORDERED that (1) the Petition is denied
15  without leave to amend, (2) Petitioner's requests for an
16  evidentiary hearing and appointment of counsel are denied, (3)
17  Petitioner's motion to stay is denied, and (4) Judgment be
18  entered dismissing this action with prejudice.
19
20  DATED: May 31, 2012                 [signature]
                                        ANDREW J. GUILFORD
21                                      U.S. DISTRICT JUDGE
```